**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ESURANCE INSURANCE COMPANY,  :
                                     :
       Plaintiff,           :    CIVIL ACTION
                                     :
   v.                             :
                                     :    NO. 16-cv-5739
LAVADA BOWSER,                  :
CAROL HARVEY,                   :
                                     :
                                     :
      Defendants.         :

**MEMORANDUM**

Joyner, J.                                                     May 8, 2017

**I. Introduction**

Plaintiff Esurance Insurance Company brought this declaratory judgment action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a determination that it has no duty to defend or to indemnify the Defendants, Lavada Bowser and Carol Harvey, in connection with two lawsuits pending in state court.[1] The underlying proceedings are tort actions involving allegations relating to excessive corporal punishment and the physical, mental, and sexual abuse of two foster children while in the care of Defendants. Defendants were served with the

---

[1] The underlying state court lawsuits are captioned <u>Z.N.1 v. Asociacion Puertorriquenos en Marcha</u>, Court of Common Pleas of Philadelphia, No. 1605-2613, and <u>Z.N.2 v. Asociacion Puertorriquenos en Marcha</u>, Court of Common Pleas of Philadelphia, No. 1605-2616.

1

declaratory judgment complaint on November 10, 2016. The time to plead or otherwise defend having expired, the Clerk of the Court entered a default on the record on December 7, 2016. On Plaintiff's motion for entry of default judgments, we declined to exercise jurisdiction over the matter and, *sua sponte*, dismissed the complaint without prejudice to Plaintiff's ability to seek a declaration in state court. (Doc. No. 8). Plaintiff now moves for reconsideration of that decision. (Doc. No. 9). For the following reasons, Plaintiff's Motion will be denied.

**II. Standard of Review**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party can show at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled previously]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010). Plaintiff rests its Motion on the third factor, arguing that the Court committed a clear error of law by failing to fully and properly consider the relevant factors set out in Reifer v. Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014), and that the

2

dismissal of Plaintiff's case has resulted in a manifest injustice.

## III. Analysis

Plaintiff argues that the Court committed a clear error of law by considering only those factors enumerated in State Auto Ins. Co. v. Summy, 234 F.3d 131 (3d Cir. 2000), without considering additional factors enumerated by the Third Circuit in Reifer. In Reifer, the Third Circuit stated that in cases brought under the Declaratory Judgment Act district courts should guide their exercise of discretion by considering eight non-exhaustive factors, "to the extent they are relevant:

(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation;

(4) the availability and relative convenience of other remedies;

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion." <u>Reifer</u>, 751 F.3d 131 at 146.

If, however, another proceeding is pending in state court in which all of the matters in controversy "could be fully adjudicated," it is ordinarily "uneconomical as well as vexatious" for the federal court to exercise its jurisdiction. <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 495 (1942). In circumstances such as these, courts should consider whether the questions in controversy "can better be settled in the proceeding pending in state court." <u>Reifer</u>, 751 F.3d at 146 n.21. Although not dispositive, the existence of parallel state proceedings "militates significantly" in favor of declining jurisdiction. <u>Id.</u> at 144-45; <u>see also</u> <u>Rachel II, Inc. v. State Nat'l Ins. Co.</u>, No. 5:15-CV-01096, 2016 WL 1273941, at *4 (E.D. Pa. Mar. 31, 2016) (noting that, under <u>Reifer</u>, the "finished product resembles a guided totality-of-the-circumstances balancing test, but with a focus on the presence or absence of a parallel state proceeding.").

4

## A. Existence of Parallel State Proceedings

Plaintiff argues there are no parallel state court proceedings in this case and that the absence of any such proceedings created a rebuttable presumption in favor of jurisdiction, which this Court ignored. (Doc. No. 9-2). Plaintiff suggests that state court proceedings are "parallel" only where the state court litigation presents "the same issues" between "the same parties" and where all matters in controversy between those parties may be fully adjudicated. Id. at 5. Esurance Insurance Company is not itself a party in either of the underlying state court actions. And the Court is aware of no relevant declaratory judgment claim pending in state court.

"What exactly constitutes parallel state proceedings, however, has not been defined precedentially at a particularly high level of detail." Rachel II, 2016 WL 1273941, at *4. Although Plaintiff's position is not without support, see, e.g., W. World Ins. Co. v. Alarcon & Marrone Demolition Co., No. CIV.A. 14-6617, 2015 WL 3622896, at *2 (E.D. Pa. June 9, 2015), we believe a broader view as to what constitutes parallel state proceedings better comports with the Supreme Court's instruction that district courts be mindful of unnecessarily interfering with pending state court proceedings. See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims

5

within their jurisdiction yields to considerations of practicality and wise judicial administration."); Brillhart, 316 U.S. at 495 ("Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.").

Judge Leeson's opinion in Rachel II is instructive, and we join with his approach. In that case, the federal plaintiffs were defendants in a pending state court tort lawsuit, and the federal defendant was an insurance company that was not a party to the pending state court litigation. Rachel II, 2016 WL 1273941, at *1. As here, this court was asked to exercise its jurisdiction under the Declaratory Judgment Act in order to determine whether the insurer was obligated to defend insured persons in the underlying state court litigation and indemnify them for any losses sustained. Although the underlying tort litigation did not itself present the coverage issue that was posed by the declaratory judgment claim, the court declined to hear the case because, *inter alia*, "Pennsylvania law affords trial judges the ability to coordinate multiple actions 'to prevent duplication of efforts by the courts and inconsistent rulings.'" Id. at *5 (citing Lincoln Gen. Ins. Co. v. Donahue,

616 A.3d 1076 (Pa. Commw. Ct. 1992)). That is true in this case as well.[2]

At bottom, Plaintiff is asking us to declare its rights under Pennsylvania law in circumstances where a Pennsylvania court is better equipped to do so while minimizing the potential for any disruption to pending state court proceedings. Pennsylvania's interest in resolving its own law and the orderly disposition of its pending litigation counsels strongly against the exercise of federal jurisdiction. Those interests "must not be given short shrift simply because one party . . . perceive[s] some advantage in the federal forum." Summy, 234 F.3d at 136. Plaintiff's attempt to separate its declaratory judgment claim from the underlying tort litigation, such that related issues must be "resolved piecemeal by the state and federal courts, is the kind of 'uneconomical' and 'vexatious' interference with parallel state litigation that the Supreme Court has urged the district courts to avoid." Rachel II, 2016 WL 1273941, at *5 (quoting Brillhart, 316 U.S. at 495).

## B. Additional Reifer Factors

On consideration of the additional Reifer factors, we conclude that the Court acted within its discretion by declining

---

[2] It makes no difference that in Rachel II, the declaratory judgment claim was originally filed in state court and then removed to federal court. As we have already stated, Plaintiff is free to seek declaratory relief in state court. (Doc. No. 8).

to exercise jurisdiction over Plaintiff's declaratory judgment complaint. Plaintiff contends that the third factor (public interest in settlement of uncertainty) is neutral, but that all other factors weigh in favor of the exercise of jurisdiction. We disagree. For the same reasons discussed above relating to the pending state court litigation, the second factor (convenience of the parties), fourth factor (availability and convenience of other remedies), and sixth factor (avoidance of duplicative litigation) all counsel against exercising jurisdiction in this case. See Rachel II, 2016 WL 1273941, at *6. We have already noted that the eighth Reifer factor (an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion) also counsels against jurisdiction. (Doc. No. 8). Nothing in Plaintiff's Motion demonstrates that this inherent conflict is not present in this case.

These factors are "non-exhaustive," Reifer, 751 F.3d at 146, and the circumstances of this case present additional considerations weighing against the exercise of jurisdiction. For instance, Plaintiff's complaint raises no federal issue; it asks us to decide issues of state law only. See Summy, 234 F.3d at 136. We also take into account that Defendants have failed to defend. This failure deprives the Court of the benefits of

zealous advocacy and also amounts to a lack of enthusiasm on the part of the Defendants for resolving these issues in federal court. <u>Cf.</u> <u>Reifer</u>, 751 F.3d at 141 ("district courts should weigh a party's 'vigorous objection' to the district court's assumption of jurisdiction") (quoting <u>Summy</u>, F.3d at 136). In our view this too counsels against exercising jurisdiction.

On the other side of the ledger, we agree with Plaintiff that the first <u>Reifer</u> factor (resolution of uncertainty) would support an exercise of discretion. And we further find that the concerns implicated by the fifth and seventh <u>Reifer</u> factors (general policy of restraint when same issues are pending in state court, prevention of procedural fencing or forum shopping) are not present in this case. In our judgment, however, these countervailing factors are not sufficient to counsel the exercise of jurisdiction in light of the concerns discussed above, most prominently the nature of Plaintiff's complaint and the existence of parallel state court proceedings where Plaintiff's claim could be more efficiently heard.

**IV. Conclusion**

For the foregoing reasons, and because we find no ground to believe Plaintiff will suffer a manifest injustice from pursuing its declaratory judgment claim in state court rather than federal court, Plaintiff's Motion for Reconsideration is denied. An appropriate order follows.